# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GENE EDWARD DUDLEY SR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 09-0355-CV-W-FJG |
| INTERNAL REVENUE SERVICE, U.S. DEPT. OF TREASURY, | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 1). Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit.

### I. Motion to Proceed In Forma Pauperis

Plaintiff states that he is 62 years old and divorced with no dependents. Plaintiff is currently retired. He was previously employed as an HVAC Technician earning $580.00 a month. Plaintiff states that he does not own either a home or a car. He states that he has $62.00 cash on hand and receives $657.00 a month in Social Security disability benefits. Plaintiff lists the following expenses: $300.00 in monthly rent; $110.00 monthly grocery expense and a $30.00 monthly laundry expense.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that they are unable to pay the costs of the lawsuit. In Martin-Trigona v. Stewart,

691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis.  First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed.  Second, a determination of whether the cause of action stated in the complaint is, under §1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915.  Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984).  Such a showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Based upon the information provided in plaintiff's affidavit and supplemental filing, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis.  Accordingly, plaintiff's application for leave to file this civil action in forma pauperis (Doc. # 1) is hereby **GRANTED** and plaintiff may pursue this action without prepayment of fees, costs or security.  It if further **ORDERED** that because this case is included in the Case Management/Electronic Case Filing system, and plaintiff is proceeding pro se, the Clerk's Office is directed to electronically file plaintiff's Complaint as of the date of this Order.  It is further **ORDERED** that the Clerk shall forward appropriate process forms to plaintiff and within twenty days, plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where the defendants may be served.  The Clerk of the Court is directed to issue summons and process and deliver the same to the United States Marshal for service upon the

defendants. The United States Marshal may first attempt service by certified mail, return receipt requested.

Date: 5/29/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN JR.**
Fernando J. Gaitan Jr.
Chief United States District Judge