# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GENE EDWARD DUDLEY SR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 09-0355-CV-W-FJG |
| INTERNAL REVENUE SERVICE, U.S. DEPT. OF TREASURY, | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Extension of Time (Doc. # 21); the Internal Revenue Service's Motion to Dismiss for Lack of Jurisdiction (Doc. # 24) and plaintiff's Motion to Appoint Counsel (Doc. # 30).

### I. BACKGROUND

Plaintiff is seeking a refund for two alleged income tax overpayments: 1) a refund of a 1998 Earned Income Tax Credit ("EIC") that the IRS denied and 2) a refund of an overpayment from 2008 that the IRS credited to plaintiff's 1998 tax liabilities. On May 4, 2001, plaintiff filed a federal income tax return for 1998. On July 16, 2001, based on the return, the IRS assessed plaintiff's tax for 1998 as $1,661.00. The IRS also assessed penalties and interest liabilities of $415.25 and $433.67. The IRS notified plaintiff of his balance due and he responded by giving the IRS the names and social security numbers for his children. On October 8, 2001, the IRS corrected the exemption amount claimed on the 1998 return and abated his tax by $1,110, and the penalty and interest amounts by $277.58 and $276.29. This reduced the unpaid balance to $857.00. Plaintiff

continued to insist that he was entitled to an EIC for 1998, but he had not submitted the proper paperwork. The IRS sent him the correct form and plaintiff returned it to the IRS. However, the EIC credit was rejected because it did not contain correct information. On December 31, 2001, plaintiff filed an amended EIC claim. On December 10, 2002, the IRS informed plaintiff that his claim was disallowed because he had not submitted proof of his income for 1998, copies of the social security cards and birth certificates for the children and proof that the children resided in his home for at least six months of 1998. On March 12, 2003, the IRS sent plaintiff a legal notice that stated that he had failed to provide school records, medical records or any documentation showing that he was the parent or proof that the children lived with him for more than six months. The IRS informed plaintiff that if he wanted to recover the tax he could file a lawsuit with the United States District Court, within two years from the mailing date of this letter. Plaintiff did not file suit within the two year period, but continued writing to the IRS asserting that he was entitled to the EIC. On January 13, 2004, the IRS sent plaintiff a letter stating that they were standing by their previous determination because he had still not provided any documentation and informed him that the IRS could not contact schools or other persons on his behalf. The letter informed plaintiff that he could sue to recover tax penalties or other amounts with the United States District Court or with the United States Court of Federal Claims. The letter also informed plaintiff that the IRS had no provision for filing income tax abatement claims and that if he did not agree with the determination, after paying the additional tax due, he could file an amended return or claim for refund. Plaintiff did not file a claim for a refund based on the EIC that was denied nor did he pay the taxes due for 1998. He also failed to bring a refund suit within two years of the claim denial.

In 2009, plaintiff filed his tax return for 2008. On his return he reported an overpayment and requested a refund of $1,140.00. Due to the remaining unpaid balance, the IRS credited the 2008 overpayment to plaintiff's outstanding tax liabilities for 1998. The credit was enough to fully pay the principal, but it did not fully pay the interest that had accrued. On May 11, 2009, the IRS informed plaintiff that it had applied his 2008 overpayment to his 1998 unpaid taxes. On May 29, 2009, plaintiff filed the instant lawsuit without paying the full balance for 1998 or bringing a refund claim following payment of the principal.

## II. STANDARD

The IRS filed its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1). Motions under Fed.R.Civ.P. 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's allegations. "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). . . . In a factual attack, the court inquires into and resolves factual disputes." Real Estate Equity Strategies, LLC v. Internal Revenue Service, No. 05-1008 (JNE/SRN), 2006 WL 334760, *2 (D.Minn. Feb. 13, 2006)(internal citations and quotations omitted). "If a party mounts a factual challenge, however, the Court may look outside the pleadings to determine whether jurisdiction exists, and the nonmoving party loses the benefit of favorable inferences from its factual statements. . . . Supplemental affidavits, . . . deposition testimony, . . . other documents, . . . and live testimony, . . . are all appropriate for consideration." Dolls, Inc. v. City of Coralville, Iowa, No. 4:05-CV-00092-JEG, 2006 WL 759743, * 8 (S.D.Iowa Mar. 24, 2006)(internal citations and quotations omitted). It should be noted however that:

[a] district court has the authority to consider matters outside the pleadings

3

when subject matter jurisdiction is challenged under Rule 12(b)(1) and, if it does, disputed issues of material fact will *not* prevent the court from deciding for itself the merits of jurisdictional claims. . . . Nor does the submission of evidentiary materials in connection with a 12(b)(1) motion convert the motion to one for summary judgment under Rule 56.

Mulligan v. Huber, No. 7:05CV5005, 2006 WL 994575, *5 (D.Neb. Apr. 10, 2006)(internal citations omitted). "The purpose of a 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.'" Devereux v. Shulman, No. 4:09CV1764 CDP, 2010 WL 1936078, *2, (E.D.Mo. May 12, 2010) (quoting Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). In the instant case, the Court considers the IRS's motion to dismiss as a factual attack.

### III. DISCUSSION

#### A. Claim for Earned Income Credit

In his Complaint, plaintiff states that states that his suit is brought pursuant to 28 U.S.C. § 26 and 28 U.S.C. § 1346. 28 U.S.C. § 1346(a) states in part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

26 U.S.C. § 7422(a) states in part:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of the law in that regard, and the regulations of the Secretary established in pursuance thereof.

4

In Reiss v. United States, 983 F.2d 899 (8th Cir. 1993), the Court stated:

> [26 U.S.C. § 7422] requires that in an action in any court for the recovery of a penalty claimed to have been collected without authority, or wrongfully collected, suit cannot be maintained until a claim for refund has been filed according to law and the regulations of the IRS. And the regulations require that a claim for refund must 'set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof . .' 26 C.F.R. 301.6402-2(b)(1). If the claim for refund does not meet these requirements, the refund suit must be dismissed.

Id. at 901.

The IRS admits that plaintiff filed an administrative claim for a refund based on the Earned Income Credit. However, as noted above, the IRS denied plaintiff's claim and informed him that he could file a lawsuit if he disagreed with this determination. The IRS mailed the notice of disallowance to the plaintiff on May 12, 2003. Thus the statutory period for bringing suit to recover a refund based on that claim was May 12, 2005. Title 26 U.S.C. § 6532 (a) states in part:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

The Court in Ramming v. United States, 281 F.3d 158, 165 (5th Cir. 2001), cert denied by Cloud v. U.S., 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002), stated that limitations periods in statutes waiving sovereign immunity are jurisdictional. Plaintiff in his suggestions in opposition does not deny that he failed to file suit within this time period or deny that he was unaware of the time limitation. Thus, as the date to file suit has passed, this Court has no jurisdiction over plaintiff's claim that he should have received a refund due to the Earned Income Credit.

### B. Refund of 2008 Overpayment Credited to 1998 Tax Liabilities

Plaintiff also claims that the IRS should not have applied the refund he was due from his 2008 taxes and credited it toward his 1998 tax liabilities. However, pursuant to 26 U.S.C. § 6402(a): "[i]n the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e) and (f), refund any balance to such person." The IRS notes that plaintiff never filed an administrative claim regarding this issue. 26 U.S.C. § 7422(a) requires that taxpayers bring refund claims before filing suit. However, before filing a refund claim, plaintiff would have to have paid the amount of the tax which the IRS claimed was due. The IRS states that even assuming that the 2008 overpayment to the 1998 liabilities constituted full payment of his tax, plaintiff still needed to file an administrative claim for the overpayment. Plaintiff has not alleged that he filed an administrative claim for a refund and the IRS records also do not indicate any administrative claim was filed on this issue. As stated in Williams v. Internal Revenue Service, No. 4:06CV1493FRB, 2007 WL 1965545 (E.D.Mo. July 2, 2007), "[t]he filing and exhaustion of an administrative claim for refund with the Secretary of the Treasury pursuant to the Internal Revenue Code and its regulations is a jurisdictional prerequisite to bringing a tax refund suit in district court. . . . Plaintiff bears the burden of demonstrating that all jurisdictional prerequisites have been met." Id. at *1 (internal citations omitted). In the instant case, the Court finds that plaintiff has failed to show that he has met all the jurisdictional prerequisites, therefore, the Court lacks subject matter jurisdiction over plaintiff's claim that his 2008 overpayment should not have been credited to his 1998 tax liabilities.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** defendant's Motion to Dismiss (Doc. # 24).  The Court **DENIES** as **MOOT** plaintiff's Motion for an Extension of Time (Doc. # 21) and **DENIES** as **MOOT** plaintiff's Motion for Appointment of Counsel (Doc. # 30).


Date:  05/28/10                           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                                             Chief United States District Judge